OPINION
Defendant-appellant, Vern Hatcher, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator.
On November 21, 1990, appellant pled guilty to one count of sexual battery. The plea was entered, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, 37, which holds that a trial court may accept a guilty plea that is knowingly, voluntarily and intelligently entered by a defendant who continues to deny guilt, but, nonetheless, enters the plea to avoid the possibility of being convicted after a trial and receiving a greater penalty. The trial court accepted appellant's plea and sentenced him to eighteen months in prison. The sentence was ordered to run consecutively with another sentence of six to fifteen years in prison on a drug-related charge.
Thereafter, on June 1, 2000, the trial court held a sexual offender classification hearing. Plaintiff-appellee, the state of Ohio, introduced a certified copy of the indictment, a plea form and judgment entry of conviction regarding the sexual battery charge. Furthermore, appellee introduced a transcript of the guilty plea and sentencing hearing, along with a pre-sentence investigation report. The transcript and pre-sentence investigation report establish that, when appellant was around forty-one years old, he committed sexual battery on fifteen-year-old Rachel Bailey. The transcript and pre-sentence investigation report also demonstrate that appellant used drugs to impair his victim before engaging in the sexual conduct. Finally, appellee introduced a victim impact statement from Rachel, where she indicated that appellant wanted her to live with him and be his "love-slave." She also mentioned that appellant "had such a hold on me, sort of a power over me."
Appellant also testified at the hearing. Appellant testified that he continues to serve his prison sentences. As well, he confirmed his attendance at a sex offender program, but stated that he believed the program did not relate to him. After the hearing, as noted above, the trial court found appellant to be a sexual predator.
Appellant appeals, raising one assignment of error:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
In his single assignment of error, appellant contends that there is insufficient evidence establishing that he is a sexual predator. We disagree.
In order for a sex offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses. State v. Eppinger (2001), 91 Ohio St.3d 158, 163; R.C.2950.01(E) and 2950.09(B)(3). Clear and convincing evidence is:
 * * * `* * * [T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.' * * * [Eppinger, at 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.]
In determining whether an offender is a sexual predator, the trial court must take into consideration "all relevant factors," including various factors enumerated in the statute. R.C. 2950.09(B)(2). Here, the record invokes several factors under R.C. 2950.09(B)(2) in support of the trial court's finding that appellant is a sexual predator.
Appellant sexually abused Rachel when he was in his forties and she was fifteen. Appellant's sexual offense against a young teenager is a factor supporting a sexual predator finding. State v. Jackson (Feb. 20, 2001), Franklin App. No. 00AP-183, unreported; State v. Pryor (July 27, 2000), Franklin App. No. 99AP-1218, unreported, citing State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported; see, also, R.C.2950.09(B)(2)(a) and (c).
In addition, appellant used drugs to impair Rachel before sexually abusing her. Appellant's use of drugs to impair his victim is another factor supporting the trial court's finding. R.C. 2950.09(B)(2)(e). Rachel's victim impact statement reveals appellant's mindset to manipulate and dominate others for sex. This behavioral characteristic also supports a finding that appellant is a sexual predator. See R.C.2950.09(B)(2)(j) (indicating that a sexual predator determination may be based on any "additional behavioral characteristics that contribute to the offender's conduct.")
Finally, appellant's statement that the sex offender program did not relate to him further demonstrates his potential for recidivism. See R.C. 2950.09(B)(2)(j). We acknowledge appellant's testimony that he has not used drugs for almost nine years; however, appellant's testimony lacks credibility. At the hearing, appellant denied having sex with Rachel; however, this testimony contradicts earlier statements he made to investigators indicating that he did have sex with Rachel.
Accordingly, we conclude that there is sufficient evidence establishing appellant to be a sexual predator. As such, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
 ___________________ KENNEDY, J.
TYACK and LAZARUS, JJ., concur.